ROLAND C. BOOMA *vs.* BIGELOW-SANFORD CARPET COMPANY, INC.

Essex.    January 6, 1953. — April 1, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Corporation,* Consolidation of corporations, Stockholder, Voting of stock. *Words,* "Not entitled to vote."

The phrase, a "stockholder . . . not entitled to vote," in G. L. (Ter. Ed.) c. 156, § 46E, inserted by St. 1941, c. 514, § 2, means a holder of stock of a class not entitled to vote; and one who purchased stock in a corporation of a class having voting rights, but who was precluded from voting at a special meeting called to act upon a proposed consolidation with another corporation because his purchase was after a date validly fixed as the record date for determination of the stockholders entitled to vote at the special meeting, and registered his disapproval of the

proposed consolidation before that meeting, was not a stockholder "not entitled to vote" within the statute and, upon consolidation duly voted, was not entitled to demand payment for his stock by the consolidated corporation.

BILL IN EQUITY, filed in the Superior Court on November 5, 1951, seeking payment for the plaintiff's stock in Bigelow-Sanford Carpet Co., Inc., pursuant to G. L. (Ter. Ed.) c. 156, § 46E, inserted by St. 1941, c. 514, § 2.

The suit was heard by *Kirk*, J. The plaintiff appealed from a final decree dismissing the bill.

*Edward R. Butterworth*, (*Daniel Santry* with him,) for the plaintiff.

*Joseph P. Rooney*, (*Caleb Loring, Jr.*, with him,) for the defendant.

LUMMUS, J. General Laws (Ter. Ed.) c. 156, § 46E, inserted by St. 1941, c. 514, § 2, provides as follows: "A stockholder in any corporation which shall have duly voted to consolidate with another corporation in accordance with section forty-six B or forty-six D, who, at the meeting of stockholders, has voted against such consolidation, if entitled to vote, or, if not entitled to vote, has registered his disapproval in writing with the corporation at or before said meeting, may, within thirty days after the date on which the articles of consolidation were filed, make a written demand upon the consolidated corporation for payment for his stock. If such corporation and the stockholder cannot agree upon the value of the stock at the date of the consolidation, such value shall be ascertained and the stock paid for by and transferred to the consolidated corporation in the manner provided in section forty-six."

In the Superior Court the judge found the following facts. The defendant, a Delaware corporation, was formed by a consolidation of Bigelow-Sanford Carpet Co., Inc., a Massachusetts corporation, with Bristol Mills, Incorporated. On May 15, 1951, the clerk of the Massachusetts Bigelow-Sanford corporation notified its stockholders of a special meeting of stockholders to be held on June 19, 1951, for the purpose of voting on such consolidation. In accordance with

the by-laws of the Massachusetts Bigelow-Sanford corporation, and with the order of its board of directors, the notice stated that the board of directors "has fixed the close of business May 10, 1951, as the record date for the determination of the stockholders entitled to notice of and to vote at said special meeting."

On May 10, 1951, the plaintiff owned no shares in the Massachusetts Bigelow-Sanford corporation, but bought 500 shares of common stock, which had voting rights, on June 1, 1951. These were put into his name on June 11, 1951. When he bought them he knew of the purpose of the meeting scheduled for June 19, 1951. On June 14, 1951, the plaintiff wrote to that corporation that he was opposed to the consolidation and registered his disapproval. On June 21, 1951, he wrote to that corporation, demanding payment for his stock. On August 31, 1951, the secretary of the consolidated corporation wrote the plaintiff that his demand for appraisal and payment would not be recognized.

The statute gives a dissenting stockholder the right to appraisal and payment, "if entitled to vote," only if he has voted against the consolidation. His stock was entitled to vote, but the plaintiff could not vote it because the board of directors had validly fixed a time before he acquired his stock as the date for the determination of the right to vote. As to stock "not entitled to vote," the owner was entitled to appraisal and payment if he registered his disapproval in writing before the meeting, as the plaintiff did. The decisive question therefore is, whether the plaintiff held stock that was "not entitled to vote." If those words mean stock of a class not entitled to vote, the plaintiff held no such stock and cannot prevail. If those words mean stock denied a vote because not held on the date fixed by the board of directors, the plaintiff is entitled to prevail.

It was found by the judge that 300 of the shares bought by the plaintiff were voted in favor of the consolidation by the holders of them on May 10, 1951, but he was unable to find whether the other 200 shares bought by the plaintiff

were so voted. The judge found that the plaintiff bought the stock without knowing or caring who his predecessor owners were, or whether proxies had been given to vote the shares, and that he made no effort to cancel any such proxies or to vote said shares. But we are of opinion that we need not discriminate between the 300 shares and the 200 shares, because we think that the result would be the same if none of them had been voted.

In the statute under discussion (G. L. [Ter. Ed.] c. 156, § 46B, inserted by St. 1941, c. 514, § 2), it is provided that the consolidation must be approved by "two thirds of each class of stock outstanding and entitled to vote." In § 46D, inserted by St. 1941, c. 514, § 2, it is likewise provided that the consolidation "shall be approved . . . by the affirmative vote . . . of two thirds of each class of stock outstanding and entitled to vote." In other sections provision is made for a vote of a majority or two thirds of "each class of stock outstanding and entitled to vote." G. L. (Ter. Ed.) c. 155, § 50, c. 156, § 3. It is a familiar canon of construction, that when similar words are used in different parts of a statute, the meaning is presumed to be the same throughout. *Marcus* v. *Street Commissioners of Boston*, 252 Mass. 331, 334–335. *Hood Rubber Co.* v. *Commissioner of Corporations & Taxation*, 268 Mass. 355, 357. *Wellesley College* v. *Attorney General*, 313 Mass. 722, 728. *Arnold* v. *Commissioner of Corporations & Taxation*, 327 Mass. 694, 700.

Although the decisive section on which this case turns (G. L. [Ter. Ed.] c. 156, § 46E, St. 1941, c. 514, § 2) speaks of a stockholder "not entitled to vote," we think that a stockholder of a class not entitled to vote was meant. We see no reason for making an exception to the usual distinction found elsewhere in the same statute between a class of stock entitled to vote and one not entitled to vote. We see no reason to suppose that the Legislature intended to create, in addition to the classes of stock entitled to vote and not entitled to vote, a third class of stock entitled to vote but unable to vote because of some disqualification of the stockholder with respect to particular shares, such, for

example, as that they had not been registered in his name. We think that the plaintiff's stock was "entitled to vote." The greater part of it was in fact voted.

The result is that the plaintiff cannot maintain his bill to compel the defendant to pay for his stock. The decree dismissing his bill with costs is affirmed with costs of this appeal.

*So ordered.*