# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75528-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD WAYNE DAVIDSEN, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 13, 2017 |
| | ) | |

Cox, J. — Donald Davidsen appeals his judgment and sentence, arguing that the trial court abused its discretion by inadequately considering his request for a mitigated exceptional sentence. We hold that the trial court adequately considered Davidsen's request. As such, it did not abuse its discretion. Thus, we affirm the judgment and sentence.

The State charged Davidsen with failing to update his sex offender registration upon changing addresses. He pleaded guilty as charged and sought a mitigated exceptional sentence.

The sentencing court engaged in two days of colloquy and reviewed the parties' briefs. Davidsen requested an exceptional sentence based on improvements he had made in his life. He explained that he had found employment, entered treatment, become active in his community, and was expecting his first child soon. He had begun to overcome a long term drug

addiction. But he had recently relapsed, based on a narcotic pain medication he was prescribed. Allegedly, that relapse factored into his failure to register.

The sentencing court concluded that these arguments did not provide legal grounds to justify a mitigated exceptional sentence. Accordingly, it denied Davidsen's request and imposed a standard range sentence of 17 months confinement and 36 months community custody.

## MITIGATED EXCEPTIONAL SENTENCE

Davidsen argues that the trial court abused its discretion by failing to recognize its own authority to impose a mitigated exceptional sentence based on circumstances not expressly stated in RCW 9.94A.535. We disagree.

A defendant generally cannot appeal a standard range sentence.[1] But every "defendant is entitled to ask the trial court to consider [an exceptional] sentence and to have the alternative actually considered."[2] Thus, a trial court that refuses categorically to consider such a request abuses its discretion.[3] The trial court also abuses its discretion when it sentences based on a legal misunderstanding of its own discretion.[4]

We review for abuse of discretion the trial court's consideration of a request for a mitigated exceptional sentence.[5]

---

[1] RCW 9.94A.585(1).

[2] State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

[3] Id.

[4] In re Pers. Restraint of Mulholland, 161 Wn.2d 322, 334, 166 P.3d 677 (2007).

[5] Grayson, 154 Wn.2d at 341-42.

2

In re Personal Restraint of Mulholland[6] is instructive on the exercise of discretion in this regard. The trial court had sentenced Daniel Mulholland for six counts of first degree assault, and one count of drive-by shooting. Despite Mulholland's request, the trial court declined to impose concurrent sentences, concluding that it lacked the discretion to do so.[7]

The supreme court reversed this conclusion, noting that the trial court had "made statements on the record which indicated some openness toward an exceptional sentence."[8] Although this did "not show that it was a certainty that the trial court would have imposed a mitigated exceptional sentence if it had been aware that such a sentence was an option . . . [its] remarks indicate that it was a possibility."[9] Remand was proper when it could not be said that the sentence would have been the same had the trial court better understood its own discretion.[10]

RCW 9.94A.535 governs the trial court's consideration in determining whether to grant an exceptional sentence. Under that statute, the trial court may impose an exceptional sentence if justified by "substantial and compelling reasons."[11] The defendant can provide these reasons by proving certain

---

[6] 161 Wn.2d 322, 166 P.3d 677 (2007).

[7] Id. at 326.

[8] Id. at 333.

[9] Id. at 334.

[10] Id.

[11] RCW 9.94A.535.

mitigating circumstances by a preponderance of the evidence.[12] These circumstances are those that "distinguish [the crime] from other crimes of the same statutory category."[13] They are not "personal characteristics" of the defendant.[14] The statute provides a list of illustrative circumstances and clarifies that these are not exhaustive.[15]

Here, the sentencing court did not fail to recognize the scope of its discretion. Nor did it abuse the discretion it had. Davidsen and the State both acknowledged to the sentencing court that RCW 9.94A.535's list of enumerated circumstances was not exhaustive. The record does not suggest that the sentencing court concluded otherwise.

Davidsen presented as mitigating circumstances that he had found stable housing and employment, and had a child on the way. Recognizing that he had a "significant drug and alcohol problem," he explained that he was making progress, and after 30 days of inpatient treatment, had reached sobriety.[16]

Instead of rejecting these arguments, the sentencing court considered them at length. It expressed some concern whether these grounds provided a legal basis for a mitigated exceptional sentence. In this, the sentencing court

---

[12] RCW 9.94A.535(1).

[13] State v. Pennington, 112 Wn.2d 606, 610, 772 P.2d 1009 (1989).

[14] State v. Murray, 128 Wn. App. 718, 724-25, 116 P.3d 1072 (2005).

[15] RCW 9.94A.535(1).

[16] Report of Proceedings Vol. 1 (July 11, 2016) at 4.

correctly adhered to the principle that an exceptional mitigated sentence cannot be justified by the defendant's personal characteristics.

The sentencing court further expressed concern that "almost every defendant could probably argue" the same.[17] It elaborated that were it to grant a mitigated exceptional sentence, "every . . . defendant that's had time, between the time they committed the offense and the time they come in to sentencing, if they've made improvements in their life can ask for an exceptional sentence below the standard range."[18]

The sentencing court also discussed a previous mitigated exceptional sentence that Davidsen had received, based on the "same exact" grounds he presented now.[19] Given that precedent, the sentencing court wondered "how many chances" Davidsen should get.[20] It concluded that it did not "think the fact that [Davidsen had] modified his life and . . . made these significant changes is an appropriate basis for an exceptional sentence."[21]

The sentencing court did not misconstrue the extent of its discretion. It considered the bases presented and discussed them with counsel and Davidsen. It provided reasons for rejecting them, specifically whether they were relevant under the Sentencing Reform Act, and whether Davidsen should be granted

---

[17] Id. at 3.

[18] Id. at 8.

[19] Id. at 9.

[20] Id.

[21] Id. at 18.

another mitigated exceptional sentence for arguments he had made in the past, only to reoffend again. This was not an abuse of discretion.

Davidsen further argues that the trial court abused its discretion in failing to adequately consider his claim that a drug relapse justified a mitigated exceptional sentence. This argument is unpersuasive.

Two illustrative circumstances identified in RCW 9.94A.535 are relevant here. RCW 9.94A.535(1)(c) arises when "[t]he defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct." RCW 9.94A.535(1)(e) arises when "[t]he defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired. Voluntary use of drugs or alcohol is excluded."

State v. Hutsell[22] assists our understanding of these two circumstances. The sentencing court had granted Allen Hutsell a mitigated exceptional sentence on his forgery conviction.[23] It based that decision on Hutsell's cocaine use, rendered involuntary by psychological addiction.[24] The State appealed.

Hutsell argued to the supreme court that the downward departure had been justified based on the two circumstances we listed above.[25] But the court

---

[22] 120 Wn.2d 913, 845 P.2d 1325 (1993).

[23] Id. at 916.

[24] Id.

[25] Id. at 918.

6

disagreed. Regarding RCW 9.94A.535(1)(c), it held that the terms "duress, coercion, threat, or compulsion" connote the influence of some force coming from outside the defendant.[26] Addiction was not such a force.[27]

Regarding RCW 9.94A.535(1)(e), the court held that intoxication was only involuntary if forced or fraudulently induced, not caused by addiction.[28] Thus, any intoxication caused by Hutsell's addiction was voluntary.

Here, Davidsen's relapse argument fails for the same reasons. A doctor had recently prescribed him narcotic pain medications, which triggered his addiction. He claimed that although his addiction was a "personal" characteristic, it was also related to his crime. Specifically, he alleged that this relapse caused him to neglect his obligation to update his registration.

The doctor's prescription did not constitute "duress, coercion, threat, or compulsion" within the meaning of RCW 9.94A.535(1)(c). Whatever its effect upon Davidsen's addiction, that addiction was an internal force within Davidsen.

Nor did the doctor force Davidsen to ingest the painkillers by prescribing them, so as would render his intoxication involuntary. "Force" as a legal term, connotes "[p]ower, violence, or pressure directed against a person."[29] As a verb, it means "[t]o compel by physical means or by legal requirement."[30]

---

[26] Id.

[27] Id.

[28] Id. at 922.

[29] BLACK'S LAW DICTIONARY 760 (10th ed. 2014).

[30] Id. at 761.

The doctor did not physically or legally require Davidsen to ingest the specific painkillers. As the sentencing court suggested, Davidsen may have been able to tell "his doctor he has a substance abuse problem and he needs non-narcotics."[31] After his relapse, Davidsen "red-flagged" himself to avoid receiving such prescriptions in the future. Presumably he could have done so when originally prescribed. Any intoxication that followed was "voluntary" under Hutsell.

## APPELLATE COSTS

Davidsen asks this court to deny the State its costs. The State has responded that it is not seeking costs on appeal. Accordingly, no costs shall be awarded to the State.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Trickey, ACJ_                    _Dwyer, J._

---

[31] Report of Proceedings Vol. I (July 11, 2016) at 13.