# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51431-1-II |
| Respondent, | |
| v. | |
| TIMOTHY LLOYD MENZIES, JR., | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Timothy Lloyd Menzies, Jr., appeals from his exceptional sentences following his guilty plea convictions to two counts of first degree rape of a child (domestic violence) stemming from his prolonged and repeated sexual abuse of his biological daughter KE and his stepdaughter KM and from the court's imposition of mandatory legal financial obligations (LFOs). The trial court imposed exceptional minimum sentences on each conviction based on three aggravating factors: abuse of a position of trust, ongoing pattern of sexual abuse as manifested by multiple incidents over a prolonged period of time (multiple incidents), and multiple victims.

We hold that (1) the trial court's reliance on the multiple incidents aggravating factor was not error, (2) because the State charged Menzies with crimes against each victim, the multiple victim aggravating factor was improper, and (3) reversal of the exceptional sentences and remand for resentencing is appropriate because the record is not sufficiently clear to establish that the trial

court would have imposed the same exceptional sentences without the multiple victim aggravating factor.[1]  In addition, on remand the trial court should address the LFOs under the current law.

FACTS

I.  ORIGINAL CHARGES

In June 2016, KM's mother contacted law enforcement and reported that her six-year-old daughter KM had disclosed that Menzies, KM's father, had sexually abused her.  Based on KM's allegations, the State originally charged Menzies with two counts of first degree rape of a child and two counts of first degree child molestation.  The declaration for determination of probable cause supporting these charges stated that during a forensic interview, KM had revealed that Menzies had forced her to engage in oral sex and other sexual contact "multiple times" for more than a year.  Clerk's Papers (CP) at 1.

After Menzies's arrest, his 12 year old stepdaughter KE disclosed that Menzies had engaged in oral, vaginal, and anal sexual intercourse with her.  KE stated that the sexual abuse started when she was about five years old and the incidents occurred several times a week, sometimes more than once in a single night, until Menzies's arrest.  Based on these new allegations, the State amended the information to include four more charges: three counts of first degree rape of a child and one count of second degree rape of a child.

---

[1] Menzies originally argued that the trial court also erred when it failed to enter written findings of fact and conclusions of law supporting the exceptional sentence.  The trial court has entered the written findings, so this argument is moot.

## II. GUILTY PLEAS AND STIPULATION

Menzies pleaded guilty to two counts of first degree rape, one for each victim, as charged in the second amended information. In his statement of defendant on plea of guilty, Menzies stated that he had committed the crimes and admitted facts related to three aggravating factors: abuse of trust, multiple offenses per victim, and multiple victims. .

Menzies also entered a waiver of his right to a jury trial on the aggravating factors. In this waiver, Menzies agreed to allow the trial court to rely on the statement of probable cause, the State's sentencing memorandum, the recitation of the facts by the State at the guilty plea hearing, the victim impact statements, and the victims' statements in open court to establish the aggravating circumstances and to determine "whether the facts provide substantial and compelling reasons" to impose exceptional sentences. CP at 30.

The trial court permitted the State to file the second amended information, which charged Menzies with two counts of first degree rape of a child (domestic violence), one for each child. The information alleged that the offense against KM occurred over a two-year, three-month period and the offense against KE occurred over a six-year period. Following a colloquy, the trial court found a factual basis for the pleas and accepted Menzies's guilty pleas. The case then proceeded to sentencing.

## III. SENTENCING

At sentencing, Menzies argued that the trial court should not consider the abuse of trust or multiple victim aggravating factors because they were already reflected in the charges. He did not challenge the multiple incidents aggravating factor.

3

The trial court orally addressed all three of the aggravating factors:

This is a defendant who was in the *position of trust* and authority as a parent or stepparent to the two victims.

The *pattern of abuse was excessive*, as if any abuse wouldn't be excessive. But even in that context, this *pattern of abuse was incredibly excessive*, daily patterns, oftentimes more than once a day, lasting for years. Done with threats of violence and terror and even the threat of death.

Now that the defendant has been caught he recognizes his shortcomings. Frankly, it's impossible for this Court to believe that the very first incident, the very first moment, the very first opportunity, the very first inclination he wouldn't have recognized the damage he was about to do.

If I had the power I certainly would be removing the pain from these children, the ugliness in their lives, which are going to last for a heck of a lot more than the sentence I'm going to impose in this case. It will last the rest of their lives; and by the way, probably through your grandchildren's lives and possibly through their grandchildren as well.

This pattern goes on and on and on. It does not stop. Hopefully, they'll get the help they need. The damage is really unmeasurable. There's no word for it.

*An exceptional sentence is really called out for in this case*. The Legislature set some parameters for us to take a look at. They mean doggone well that we follow those parameters unless there is exceptions.

There is exceptions here. This was abuse of trust, multiple victims. Yes, the two victims are multiple victims. There are two crimes. They're also multiple, because every doggone day they were a victim again. Multiple victims, multiple times; and the power of authority and trust, coupled with threats of violence and death.

240 months confinement counts I and II[.[2]]

RP at 45-46 (emphasis added). The trial court did not, however, expressly state that it would have imposed the same sentences if one or more of the aggravating factors were not present.

---

[2] The standard range minimum sentence based on Menzies's offender score of zero points was 120 to 160 months.

The trial court later entered written findings of fact and conclusions of law addressing the exceptional sentence. The trial court found,

4. The defendant is the stepfather of K.E. and the biological father of K.M. The defendant occupied a position of trust with respect to both K.E. and K.M.

5. The defendant engaged in multiple acts of sexual intercourse with both K.M. and K.E. The sexual abuse of K.M. and K.E. was excessive, lasted for years, occurred on a daily or more than once daily basis and included threats of violence.

6. There are multiple victims in this case.

CP at 102. The trial court also incorporated its oral ruling by reference.

Based on these findings, the trial court concluded that the facts supported each of the three aggravating factors and that each of these factors were substantial and compelling reasons to impose an exceptional sentence. The trial court imposed a sentence of 240 months to life on each count.

The trial court also addressed LFOs. The trial court declined to impose any discretionary LFOs, but it imposed mandatory LFOs including a $200 criminal filing fee. The trial court also ordered that the LFOs would bear interest from the date of the judgment and sentence.

Menzies appealed his exceptional sentences, the $200 criminal filing fee, and the LFO interest provision.

ANALYSIS

I. EXCEPTIONAL SENTENCES

Menzies argues that (1) the multiple incidents aggravating factor was improper because the unit of prosecution for first degree rape of a child is each act of sexual intercourse or penetration and he pleaded guilty to only one charge per victim, (2) the multiple victims aggravating factor

was improper because there were separate charges for each victim, and (3) these errors require resentencing because it is not clear that the trial court would have imposed the same sentences without these aggravating factors.

## A. LEGAL PRINCIPLES

To reverse an exceptional sentence, we must find, "(1) under the 'clearly erroneous' standard, the reasons for departure from the presumptive range are not supported by the record; [or] (2) as a matter of law, the stated reasons do not justify the exceptional sentence."[3] *State v. Hutsell*, 120 Wn.2d 913, 916, 845 P.2d 1325 (1993). We may, however, affirm an exceptional sentence when it is clear from the record that the trial court would have imposed the same sentence based on any remaining aggravating factors that are upheld. *State v. Jackson*, 150 Wn.2d 251, 276, 76 P.3d 217 (2003); *State v. Gaines*, 122 Wn.2d 502, 512, 859 P.2d 36 (1993).

## B. MULTIPLE INCIDENTS

Menzies argues that the trial court's reliance on the multiple incidents aggravating factor was improper because the unit of prosecution is each act of sexual intercourse or penetration and he pleaded guilty to only one charge per victim. We disagree that the trial court could not consider multiple incidents in imposing the exceptional sentence.

RCW 9.94A.530(3) gives the trial court the authority to consider facts related to additional crimes in this circumstance. RCW 9.94A.530(3) provides, in part: "Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the standard

---

[3] The third ground upon which an appellant can challenge an exceptional sentence is if the sentence is clearly excessive. *State v. Hutsell*, 120 Wn.2d 913, 916, 845 P.2d 1325 (1993). Menzies does not argue that the sentence was clearly excessive.

sentence range *except . . .* when specifically provided for in RCW 9.94A.535(3). . . (g)." (Emphasis added.) The multiple incidents aggravating factor is codified under RCW 9.94A.535(3)(g). Thus, RCW 9.94A.530(3) expressly allowed the trial court to consider "[f]acts that establish the elements of a more serious crime or additional crimes" in imposing the exceptional sentence based on the multiple incidents aggravating factor.

Menzies relies on *State v. Vaughn*, 83 Wn. App. 669, 677, 924 P.2d 27 (1996), *State v. Armstrong*, 106 Wn.2d 547, 550, 723 P.2d 1111 (1986), and *State v. Dunaway*, 109 Wn.2d 207, 219, 743 P.2d 1237, *as amended by* 749 P.2d 160 (1988), for the premise that the multiple incidents must take place "during the course of the incident underlying the charged crime." Opening Br. of Appellant at 11. Although each of these cases involved a single charge based on a series of incidents that occurred over a shorter period of time than is the case here, none of these cases *require* that the multiple incidents that are the basis for the aggravating factor must occur during a single act or a specified period of time.[4]

Because RCW 9.94A.530(3) expressly allows the trial court to consider additional crimes when evaluating the multiple incidents aggravating factor, Menzies fails to show that the trial court's reliance on the multiple incidents aggravating factor was clearly erroneous or that this aggravating factor was improper as a matter of law.

---

[4] *Armstrong* and *Dunaway* also address a nonstatutory aggravating factor, not the multiple incidents aggravating factor at issue here. *Armstrong*, 106 Wn.2d at 550; *Dunaway*, 109 Wn.2d at 219.

C. MULTIPLE VICTIMS

Menzies further argues that the multiple victims aggravating factor was improper as a matter of law because the State filed charges related to each of the victims. The State concedes that the trial court's reliance on this aggravating factor was improper.

The multiple victim aggravator is not available when, as here, the State had filed charges for each victim. *State v. Bourne*, 90 Wn. App. 963, 976, 954 P.2d 366 (1998) (citing *State v. Flake*, 76 Wn. App. 174, 184, 883 P.2d 341 (1994)), *see also State v. Modest*, 88 Wn. App. 239, 252, 944 P.2d 417 (1997). Accordingly, we accept the State's concession and hold that the trial court erred by considering the multiple victims aggravating factor as a matter of law.

D. RESENTENCING REQUIRED

We must next address whether Menzies is entitled to resentencing. We hold that reversal of the exceptional sentences and remand for resentencing is required.

"Where the reviewing court overturns one or more aggravating factors but is satisfied that the trial court would have imposed the same sentence based upon [the remaining factor or factors], it may uphold the exceptional sentence rather than remanding for resentencing." *Jackson*, 150 Wn.2d at 276. It must, however, be "clear whether the trial court would have imposed an exceptional sentence on the basis of *only* the [factors] upheld." *Gaines*, 122 Wn.2d at 512 (emphasis added) (citing *State v. Henshaw*, 62 Wn. App. 135, 140, 813 P.2d 146 (1991)).

The required clarity often comes from an express statement by the trial court that a single factor alone would be a "sufficient basis for the exceptional sentence imposed." *State v. Harding*, 62 Wn. App. 245, 250, 813 P.2d 1259 (1991). But, lacking such an express statement, the record must, at a minimum, allow us to conclude that the trial court would have imposed the same

sentence based on the remaining aggravating factor or factors without engaging in speculation. *See State v. Weller*, 185 Wn. App. 913, 344 P.3d 695 (2015).

Here, the record shows that the trial court initially discussed only the abuse of trust and multiple incidents aggravating factors and concluded that these factors supported exceptional sentences. Because the trial court stated that these two factors would support exceptional sentences before mentioning the third factor, multiple victims, we do not have to speculate to hold that the trial court would have imposed exceptional sentences based on fewer than all three aggravating factors. But because the trial court also acknowledged the number of victims aggravating factor before announcing the *length* of the exceptional sentences without stating how this additional factor influenced its final sentencing decision, "we would need to speculate to hold that the trial court would have imposed the same exceptional *sentences* based on only the [remaining] aggravating factor[s]." *Weller*, 185 Wn. App. at 931 (emphasis added). Accordingly, we reverse Menzies's exceptional sentences and remand this matter back to the trial court for resentencing without the multiple victims aggravating factor.

## II. LFOs

Menzies also argues that under the current law we should vacate the $200 criminal filing fee because he is indigent and strike the LFO interest provision. Because we are already remanding for resentencing, the trial court should reconsider the LFOs in light of the current law.

9

No. 51431-1-II

## CONCLUSION

We reverse the exceptional sentences and remand to the trial court for resentencing without considering the multiple victim aggravating factor. On remand, the trial court should reconsider the LFOs in light of the current law.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MELNICK, P.J.

CRUSER, J.