[No. 39704-4-I.  Division One.  September 29, 1997.]

*In the Matter of the Forfeiture of* ONE 1988 BLACK CHEVROLET CORVETTE AUTOMOBILE.

JOEL RAE, *Appellant, v.* JAMES I. SCHARF, ET AL., *Respondents.*

*Mark D. Mestel* of *Mestel & Muenster*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Edward E. Stemler, Deputy*, for respondents.

GROSSE, J. — Under the drug forfeiture provisions of RCW 69.50, a hearing on the forfeiture of personal property must be commenced within a reasonable time after a claimant notifies the agency that has seized the property of a claim of ownership and right to possession. The applicable provisions of the Administrative Procedure Act (APA) require that hearing commence within 90 days, RCW 34.05.419, and further provide that the hearing commences when the agency or hearing officer notifies a party that some stage of the hearing will be conducted. We agree with the Superior Court that all these requirements were met in this case, and that they comport with the constitutional requisites of due process. Thus, we affirm.

Joel Rae sold cocaine to a police informant on October 19, 1994. He arrived at the sale location in his 1988 black Chevrolet Corvette. The car was seized on January 5, 1995, and on that date Rae was served with notice of intent to forfeit the vehicle under RCW 69.50.505. On January 11, 1995, he notified the sheriff's office of his claim of ownership and right to possession as required by RCW 69.50.505(e). Because Rae notified the seizing agency of his claim within 45 days of the seizure, he became entitled to a "reasonable opportunity to be heard as to the claim or right." RCW 69.50.505(e). The matter was referred to a hearing examiner. *See id.* On March 30, 1995, 78 days after Rae's request, the hearing examiner scheduled a prehearing conference for May 3, 1995. The full hearing was held on June 8, 1995, and the vehicle forfeited.

On appeal, Rae asserts that when a claimant properly requests a hearing on the forfeiture of personal property there is a 90-day time requirement for the commencement of the full adversarial hearing, that notice of a prehearing conference is not sufficient, and, therefore, he was not afforded a hearing in a timely manner. We disagree.

█ RCW 69.50.505 generally provides for the forfeiture of property used to facilitate the sale, delivery or receipt of controlled substances, or of property that is the proceeds of such activity.[1] Subsection (b) of the statute sets forth the procedures for forfeitures. Seizure of the property is by warrant or it may be without process if incident to an arrest or a search under a search warrant.[2] Notice of intent to forfeit the property must be given to the owner of the property, and those with any interest in the property, by the agency seizing it within 15 days of the seizure.[3] If no person contests the forfeiture it is deemed forfeited.[4] If contested in writing, a hearing is held before the chief law enforcement officer of the seizing agency or his or her designee.[5] A person asserting a claim may remove the matter to a court of competent jurisdiction within 45 days after notifying the seizing agency of his or her claim.[6] Otherwise, the hearing before the seizing agency and any appeal therefrom is under RCW Title 34.[7] In cases involving personal property, the burden of producing evidence shall be on the person who claims possession or right to the property.[8]

The APA, as do decisions of this court,[9] requires the agency to commence the proceeding within 90 days. The question of whether a 90-day hearing, once commenced,

---

[1]RCW 69.50.505(a)(1)-(8).

[2]RCW 69.50.505(b)(1). There is an indication in the record that the seizure of the Corvette was invalid, but the court based its finding that the car is forfeitable solely on evidence obtained independent of the seizure. That decision is not challenged.

[3]RCW 69.50.505(c).

[4]RCW 69.50.505(d).

[5]RCW 69.50.505(e).

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*See Espinoza v. City of Everett*, 87 Wn. App. 857, 869, 943 P.2d 387 (1997); *cf. City of Des Moines v. $81,231 in United States Currency*, 87 Wn. App. 689, 943 P.2d 669 (1997) (dismissal not required if hearing timely scheduled and continuance justified as in any other civil proceeding).

can be continued has been answered in the affirmative by this court.[10] Here we are left with the question of how a hearing is commenced within the requisite 90 days. RCW 34.05.413(5) provides that "[a]n adjudicative proceeding commences when the agency or a presiding officer notifies a party that a prehearing conference, hearing, or other stage of an adjudicative proceeding will be conducted." These provisions meet the requisites of due process unless Rae can show prejudice.

In *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*,[11] the Supreme Court upheld the forfeiture of personal property in a case where the hearing was held over 18 months after the seizure. The court adopted a balancing test similar to those applied in speedy trial claims and also said that "there is no obvious bright line dictating when a postseizure hearing must occur."[12] We adopt that reasoning for this case. It is both appropriate and consistent with the recent decisions of our state Supreme Court regarding real property forfeitures.[13]

The United States Supreme Court analogized the length of time between a seizure and the initiation of the forfeiture hearing to the question of undue delay encompassed in the right to a speedy trial.[14] The factors to be considered in such an inquiry are: (1) The length of the delay; (2) the reason for the delay; (3) the claimant's assertions of his right to a hearing; and (4) whether the claimant suffered any prejudice.

Here, the length of the delay, if any, was short, as the

[10] *Id.* at 698-700.

[11]*United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983).

[12]*Id.* at 562.

[13]*Tellevik v. 31641 West Rutherford Street*, 120 Wn.2d 68, 838 P.2d 111 (1992); *Tellevik v. 31641 West Rutherford Street*, 125 Wn.2d 364, 884 P.2d 1319 (1994).

[14]*United States v. $8,850*, 461 U.S. at 564-66.

hearing began within 78 days of the request for hearing and concluded within 111 days. Any delay resulted largely from compliance with the APA as applied to the civil forfeiture statute. Other than being deprived of his property for a few additional days prior to the hearing, Rae has not shown prejudice to his case. The delay did not hamper his defense in any way. In fact, although the car was apparently seized improperly, the court found on other independent facts that the car should be forfeited. That result has not been challenged.

On the facts of this case, the statutory procedures provided the requisite due process. But, this is not to say that other fact patterns might not give rise to a valid claim for more timely proceedings, or that the mere scheduling of a prehearing conference will indefinitely toll a claimant's right to a timely hearing in accordance with the balancing test set forth above.

The trial court is affirmed.

AGID and COX, JJ., concur.

After modification, further reconsideration denied June 4, 1998.