# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOHN URQUHART, in his capacity as
King County sheriff; and KING COUNTY
SHERRIFF'S OFFICE ,

    Respondents,

    v.

$6,510.00 CASH AND ALL NON-
CONTRABAND SEIZED ITEMS,

    Defendant In Rem,

    and

RICHARD MENDALL,

    Appellant.

No. 75026-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: December 27, 2016

APPELWICK, J. — Mendall seeks return of property on the basis that the forfeiture hearing was untimely. The hearing examiner did not abuse her discretion by granting continuances for a medical emergency and a preplanned vacation. The hearing was not untimely. We affirm.

## FACTS

King County Sheriff's Deputies seized weapons, drugs, and cash from Richard Mendall during a traffic stop. On June 9, 2014, the King County Sheriff's Office (KCSO) mailed a notice of seizure and intended forfeiture to Mendall. In

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOHN URQUHART, in his capacity as
King County sheriff; and KING COUNTY
SHERRIFF'S OFFICE ,

    Respondents,

v.

$6,510.00 CASH AND ALL NON-
CONTRABAND SEIZED ITEMS,

    Defendant In Rem,

and

RICHARD MENDALL,

    Appellant.

No. 75026-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: _____

APPELWICK, J. — Mendall seeks return of property on the basis that the forfeiture hearing was untimely. The hearing examiner did not abuse her discretion by granting continuances for a medical emergency and a preplanned vacation. The hearing was not untimely. We affirm.

## FACTS

King County Sheriff's Deputies seized weapons, drugs, and cash from Richard Mendall during a traffic stop. On June 9, 2014, the King County Sheriff's Office (KCSO) mailed a notice of seizure and intended forfeiture to Mendall. In

response, on July 3, 2014, Mendall mailed a notice of claim and request for a hearing regarding the forfeiture.

On September 22, 2014, KCSO sent Mendall a notice of hearing set for September 30, 2014. On September 27, 2016, the hearing examiner granted KCSO a continuance to "the first week of December" due to a serious health emergency involving counsel's family. KCSO's counsel was not available until October 22, 2014. The hearing examiner had previously advised that her first availabilities after October 22 would be December 2-3, December 8-11, or December 16-18. On November 17, 2014, KCSO e-mailed Mendall, stating that the hearing examiner would not be available until the second week of December. Citing due process, Mendall objected to the hearing being set beyond the first week of December.

The hearing occurred on December 9, 2014. The hearing examiner ruled in KCSO's favor, and Mendall therefore forfeited the property. The superior court affirmed the hearing examiner. Mendall sought direct review from the Supreme Court. The Supreme Court denied that request and transferred the appeal to this court.

## DISCUSSION

Mendall makes two arguments. First, he acknowledges that the timing of the forfeiture hearing complied with existing precedent. But, he argues that we should overturn that precedent. Second, he argues that the hearing examiner abused her discretion by granting two continuances without good cause.

2

I. <u>Timely Hearing</u>

Mendall's first argument is straightforward. He asks this court to overturn its own precedent on civil forfeiture procedure.

Mendall believes that his due process rights were violated, because the forfeiture hearing was scheduled over 90 days from the date of seizure. KCSO responds that the hearing needs to be scheduled within 90 days of Mendall's claim challenging the seizure. This presents a question of law, that this court reviews de novo. <u>Escamilla v. Tri-City Metro Drug Task Force</u>, 100 Wn. App. 742, 747, 999 P.2d 625 (2000), <u>abrogated on other grounds by</u> <u>In re Forfeiture of One 1970 Chevrolet Chevelle</u>, 166 Wn.2d 834, 215 P.3d 166 (2009).

Under both Washington and federal law, a law enforcement agency must give an individual notice of its intent to permanently seize property, and that individual must have the opportunity to be heard. RCW 69.50.505(3); <u>United States v. James Daniel Good Real Prop.</u>, 510 U.S. 43, 48, 114 S. Ct. 492, 126 L. Ed. 2d 490 (1993). Within 45 days of service of notice that personal property has been seized, the person must respond with notice that he or she intends to contest the seizure. RCW 69.50.505(5). This response triggers a right to a forfeiture hearing within 90 days. <u>In re the Forfeiture of One 1988 Black Chevrolet Corvette</u>, 91 Wn. App. 320, 323, 963 P.2d 187 (1997). The Administrative Procedure Act, chapter 34.05 RCW, and Washington case law govern forfeiture proceedings in Washington. <u>See</u> <u>Black Chevrolet Corvette</u>, 91 Wn. App. at 323.

3

Two Supreme Court cases clarify this statutory scheme, Tellevik v. 31641 West Rutheford Street, 120 Wn.2d 68, 838 P.2d 111, 845 P.2d 1325 (1992) (Tellevik I), and Tellevik v. 31641 West Rutheford Street, 125 Wn.2d 364, 884 P.2d 1319 (1994) (Tellevik II). In Tellevik I, the claimants alleged that RCW 69.50.505 contained insufficient procedural safeguards and thus was unconstitutional. 120 Wn.2d at 77. The Supreme Court read a 90 day time limitation into RCW 69.50.505 "in order to preserve the constitutionality of the statute." Id. at 85-86. Specifically, it held that due process entitles claimants "to a full adversarial [forfeiture] hearing within 90 days." Id. at 86. Tellevik II solidified this principle two years later. There, the Supreme Court found that an agency's failure to even provide a hearing date for nearly six months violated claimants' due process rights. Tellevik II, 125 Wn.2d at 372-73. The Court noted that "the 90-day hearing requirement articulated in Tellevik I is not dicta, but is, instead, central to its holding." Id. at 372 (emphasis in original).

Tellevik I and Tellevik II left open the question of what event triggers the 90 day hearing window. As Mendall notes, the plain language of RCW 69.50.505(3) states that "proceedings for forfeiture shall be deemed commenced by the seizure." (Emphasis added.) But, in Black Chevrolet Corvette, this court held that the right to a hearing within 90 days is triggered by the claimant giving notice of a claim contesting the seizure. 91 Wn. App. at 322-24. The court reasoned that that

> The applicable provisions of the Administrative Procedure Act (APA) require that hearing commence within 90 days, RCW 34.05.419, and further provide that the hearing commences when

4

the agency or hearing officer notifies a party that some stage of the hearing will be conducted.

Id. at 322; see also RCW 34.05.413(5). Therefore, because a hearing will only "be conducted" if a claimant serves a notice of claim, that notice of claim triggers the 90 day window. Black Chevrolet Corvette, 91 Wn. App. at 324; Escamilla, 100 Wn. App. at 749 "[P]roceedings must be commenced within 90 days of the date a claimant notifies the seizing agency of a claim.").

Mendall concedes that the hearing was scheduled within 90 days of his notice of claim and that the hearing examiner properly applied Black Chevrolet Corvette. But, he explicitly asks us to overturn this court's decisions in Black Chevrolet Corvette and Escamilla. Mendall argues that this is warranted in light of the "plain language of 69.50.505(3)."

Although RCW 69.50.505(3) states that "proceedings for forfeiture shall be deemed commenced by the seizure," there is no indication that the right to a hearing within 90 days also commences on that date. Rather, the 90 day window is governed by the APA. Black Chevrolet Corvette, 91 Wn. App. at 323-24. RCW 69.50.505(5) states that a "hearing before the seizing agency and any appeal therefrom shall be under Title 34 RCW," which contains the APA. And, the APA explicitly states that "within 90 days after receipt of [an] application . . . the agency shall . . . [c]ommence an adjudicative proceeding." RCW 34.05.419(1)(b) (emphasis added). In the context of forfeiture, the claimant's notice of claim serves as the "application," because the notice of claim is the document that triggers the forfeiture hearing. This sound reasoning governed the result in Black Chevrolet Corvette. 91 Wn. App. at 324. It also governs here.

5

We hold that the KCSO properly scheduled Mendall's hearing within 90 days of Mendall serving his notice of claim against the seizure.

II. Good Cause for Continuance

Mendall also argues that the hearing examiner improperly granted two continuances. As an initial matter, these continuances moved the hearing date beyond the 90 day window. However, continuances that move a timely scheduled hearing date beyond 90 days after the seizure do not violate Tellevik or its progeny. See City of Des Moines v. Pers. Prop. Identified as $81,231 in U.S. Currency, 87 Wn. App. 689, 698, 943 P.2d 669 (1997). Thus, the remaining question is whether the hearing examiner properly granted these continuances.

A hearing examiner has the authority to grant continuances. WAC 10-08-090(1). The hearing examiner may order a continuance if a party shows good cause and may consider many factors, including whether there is prejudice to the defendant's presentation of his case. Id.; State v. Chichester, 141 Wn. App. 446, 459-60, 170 P.3d 583 (2007). This court reviews a grant of a continuance for abuse of discretion. State v. Hurd, 127 Wn.2d 592, 594, 902 P.2d 651 (1995). An abuse of discretion occurs when a decision is manifestly unreasonable or rests on untenable reasons. Davis v. Globe Mach. Mfg. Co., 102 Wn.2d 68, 77, 684 P.2d 692 (1984).

Here, the hearing examiner originally continued the hearing until "the first week of December." She then set it for the Monday following that week, December 9, 2014, based on two conflicts. First, KCSO's counsel faced a family health emergency. She was not available for the hearing from September 26 to

October 22. Second, the hearing examiner had a prescheduled vacation that overlapped with KCSO's counsel's absence. At the time, the hearing examiner's next available dates after KCSO's counsel's return were December 2-3 or December 8-11. Mendall does not argue that he was prejudiced.[1] Thus, the only issue is whether the hearing examiner abused her discretion in finding good cause supported the continuances based on a family health emergency and then a preplanned vacation.

First, Washington courts routinely find good cause for illness. See, e.g., State v. Ruud, 6 Wn. App. 57, 59, 491 P.2d 1351 (1971) (finding good cause when "counsel became ill"). Mendall does not dispute the existence of a family health emergency. No published Washington decision explicitly endorses counsel's family health emergency as "good cause," but neither does one reject it. We decline to hold that the trial court abused its discretion in granting a continuance for a family health emergency. This is especially true in light of the case law on continuances for vacations, which may have planning and cost implications but lack the immediacy of a family health emergency. See, e.g., State v. Jones, 117 Wn. App. 721, 729, 72 P.3d 1110 (2003) ("[A]ttorney's prescheduled vacation is an adequate basis to justify a continuance.").

---

[1] Mendall's briefing contains no discussion of how the two month delay prejudiced his case. Instead, Mendall asserts that he "need not show prejudice here." Granted, prejudice is only a factor that the hearing examiner considers in determining whether to grant a continuance. Chichester, 141 Wn. App. at 459-60. But, the lack of prejudice further shows that the hearing examiner did not abuse her discretion in granting a continuance.

7

Second, Washington courts have also found that prescheduled vacations constitute good cause for the purposes of a continuance. See State v. Grilley, 67 Wn. App. 795, 800, 840 P.2d 903 (1992) ("[T]he District Court did not abuse its discretion in granting a continuance where the investigating officers were unavailable due to their scheduled vacations."); State v. Selam, 97 Wn. App. 140, 143, 982 P.2d 679 (1999) ("[W]e cannot say the trial court abused its discretion in granting a brief continuance while the defense counsel was on vacation."); State v. Heredia-Juarez, 119 Wn. App. 150, 155, 79 P.3d 987 (2003) (holding that prosecutor's vacation warranted continuance, and that reassignment to an available prosecutor was not necessary). Granting the continuances based on a preplanned vacation and a family medical emergency was not an abuse of discretion.

We affirm.

WE CONCUR: