# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| THE CITY OF SEATTLE, a municipal corporation, and THE SEATTLE POLICE DEPARTMENT, <br><br> Respondents, <br><br> v. <br><br> 2009 CADILLAC CTS, WA License ASU1242 and $1,741.86 in U.S. Currency, and Four Tires and Four Rims, <br><br> Defendants In Rem, <br><br> JOHNNY WHITE, Claimant, <br><br> Appellant. | No. 76435-7-I <br><br><br><br><br><br> UNPUBLISHED OPINION <br><br> FILED: December 18, 2017 |

2017 DEC 18 AM 8:50 COURT OF APPEALS DIV 1 STATE OF WASHINGTON FILED

VERELLEN, C.J. — Johnny White seeks return of property seized under RCW 69.50.505, arguing the forfeiture hearing was untimely. Our Supreme Court construes the forfeiture statute to require a hearing within 90 days. The Administrative Procedure Act (APA) governs forfeiture hearings.[1] Consistent with the APA, the 90-day clock starts upon claim of ownership. And a notice of hearing commences the hearing proceeding. Because White received notice of the

---

[1] Ch. 34.05 RCW.

hearing within 90 days of his claim of ownership, the hearing complied with the statutory requirements. Additionally, White failed to show he suffered from any prejudice because of the timing of the hearing, 105 days after the seizure.

White also contests the sufficiency of the notices of seizure and intended forfeiture. He did not raise this issue before the hearing examiner. Because White has failed to show actual prejudice, this was not a manifest error affecting a constitutional right. We decline to consider this unpreserved claim of error.

White requests fees on appeal relying solely on RAP 18.1. His brief contains no argument and no citation to authority other than RAP 18.1. White does not qualify for fees on appeal.

Therefore, we affirm with no award of fees.

## FACTS

The Seattle Police Department (SPD) seized a 2009 Cadillac CTS, four wheels and tires, and cash from Johnny White on February 17, 2015. On the same day, SPD mailed White a notice of seizure and intended forfeiture for the car, the wheels, and the tires. On February 19, 2015, SPD mailed White another notice of seizure and intended forfeiture for the cash. On March 12, 2015, White sent a letter to SPD claiming ownership of the seized items. On April 15, 2015, SPD sent White a notice of hearing set for June 2, 2015.

At the hearing, White moved to dismiss the forfeiture proceeding, arguing the hearing was untimely. The hearing examiner denied White's motion and

granted forfeiture.[2] White sought review by the superior court. For the first time, he argued the notices of seizure and intended forfeiture were defective. The superior court affirmed the hearing examiner. White sought direct review from the Supreme Court. The Supreme Court denied that request and transferred the appeal to this court.

## ANALYSIS

### I. Timeliness

White assigns error to the hearing examiner's conclusion that the hearing was timely.

This panel reviews conclusions of law de novo.[3] There are two aspects of due process analysis in the context of a challenge to the timeliness of forfeiture adjudicative proceedings. First, compliance with the provisions of the forfeiture statute generally satisfies due process standards. But if there is some additional claim of improper delay unrelated to the 90-day hearing deadline, we conduct a second level due process balancing test.[4]

---

[2] "The Hearing Examiner concludes that the first day of the ninety day time period by which a forfeiture hearing must commence is the date a claim is made. Mr. White made a claim on March 12, 2015. The forfeiture hearing was held on June 2, 2015. The hearing commenced within the ninety day time period. The Hearing Examiner concludes that the hearing was timely." Clerk's Papers (CP) at 25 (Conclusion of Law 3).

[3] Escamilla v. Tri-City Metro Drug Task Force, 100 Wn. App. 742, 747, 999 P.2d 625 (2000), abrogated on other grounds by In re Forfeiture of One 1970 Chevrolet Chevelle, 166 Wn.2d 834, 215 P.3d 166 (2009).

[4] In re Forfeiture of One 1988 Black Chevrolet Corvette, 91 Wn. App. 320, 324-25, 963 P.2d 187 (1997).

The forfeiture statute provides that law enforcement may seize property when probable cause exists to believe that the property is intended to be used for illegal drug activity or represents proceeds of illegal drug sales.[5] Within 15 days of the seizure, the seizing agency must provide notice to any interested persons of the seizure and intended forfeiture.[6] If a person claims ownership of or an interest in personal property within 45 days of the service of such notice, "the person or persons shall be afforded a *reasonable opportunity to be heard* as to the claim or right."[7]

Our Supreme Court clarified the forfeiture statute, specifically, the due process requirement of a "reasonable opportunity to be heard," in two cases involving the same piece of real property, Tellevik v. 31641 West Rutherford Street (Tellevik I and Tellevik II).[8]

In Tellevik I, our Supreme Court considered the constitutionality of the forfeiture statute. The Supreme Court's initial opinion found "the statute requires a full adversarial hearing with judicial review *within 90 days of the seizure* of real property if the claimant notifies the seizing agency in writing."[9] The opinion was

---

[5] RCW 69.50.505.

[6] RCW 69.50.505(3).

[7] RCW 69.50.505(5) (emphasis added).

[8] Televik I, 120 Wn.2d 68, 838 P.2d 111, 845 P.2d 1325 (1993); Tellevik II, 125 Wn.2d 364, 884 P.2d 1319 (1994).

[9] Tellevik I, 845 P.2d 1325 (emphasis added).

later amended to strike "of the seizure of real property," and add a citation to the APA.[10]

In <u>Tellevik II</u>, the court concluded "the 90-day hearing requirement articulated in <u>Tellevik I</u> is *not* dicta, but is, instead, central to its holding."[11] And subsequent cases have clarified that the 90-day requirement also applies to personal property.[12]

While <u>Tellevik</u> and its progeny clearly require a 90-day hearing, this leaves unanswered what action the city must take to satisfy the requirement and what event starts the clock.

As to the first question, RCW 69.50.505(5) provides forfeiture hearings are governed by the APA. Application of the APA to forfeiture proceedings is also supported by our Supreme Court's amendment in <u>Tellevik I</u> to add a citation to the APA.[13] Pursuant to the APA, "[a]n adjudicative proceeding *commences* when the agency or a presiding officer notifies a party that a prehearing conference, hearing, or other stage of an adjudicative proceeding will be conducted."[14] Because the requirement for a hearing within 90 days is grounded in application of the APA, it is clear that the hearing is commenced when notice of hearing is given, i.e., the

---

[10] <u>Id.</u>

[11] <u>Tellevik II</u>, 125 Wn.2d at 372.

[12] <u>Espinoza v. City of Everett</u>, 87 Wn. App. 857, 869, 943 P.2d 387 (1997).

[13] <u>Tellevik I</u>, 845 P.2d 1325.

[14] RCW 34.05.413(5).

seizing agency satisfies the 90-day requirement when it "notifies a claimant that some stage of the hearing will be conducted."[15]

White acknowledged at oral argument he is seeking to overturn this precedent, but he provides no compelling authority. His assertion that the city may evade due process by promising but never conducting a full adjudicative hearing is not persuasive because that is not the case here. Additionally, that kind of delay would be addressed by the second level due process balancing test.

As to what event starts the clock, White contends the 90-day requirement starts when the property is seized. The city argues the triggering event is the claim of ownership.

Although RCW 69.50.505(3) states "proceedings for forfeiture shall be deemed *commenced by the seizure*,"[16] there is no indication that the right to a hearing within 90 days also commences on that date. The 90-day requirement controls the due process timeliness requirements for the hearing process; it does not apply to proceedings for forfeiture as a whole. In fact, forfeiture proceedings under RCW 69.50.505 do not necessarily include a hearing. A hearing is only required if a claimant contests the intended forfeiture.[17]

---

[15] Escamilla, 100 Wn. App. at 749 (citing Black Corvette, 91 Wn. App. at 323); see also Valerio v. Lacey Police Dep't, 110 Wn. App. 163, 172, 39 P.3d 332 (2002); Sam v. Okanogan County Sheriff's Office, 136 Wn. App. 220, 227, 148 P.3d 1086 (2006).

[16] (Emphasis added.)

[17] RCW 69.50.505(5).

The case law on the forfeiture statute fails to clearly answer whether the 90-day requirement is triggered by seizure or claim of ownership.[18] Given the well-established application of the APA to forfeiture proceedings, we turn to the APA for guidance. The APA explicitly provides that "[a]fter receipt of *an application* for an adjudicative proceeding . . . *within ninety days* after receipt of the application . . . *the agency shall . . . [c]ommence* an adjudicative proceeding in accordance with this chapter."[19] In the context of forfeiture, because the claimant's notice of claim of ownership serves as the "application," the claim of ownership triggers the right to a forfeiture hearing and starts the 90-day clock.[20]

Here, the city satisfied the 90-day requirement when it commenced the adjudicative proceeding by notifying White of the hearing scheduled for June 2, 2015. The property was seized on February 17, 2015, and White claimed ownership on March 12, 2015. He received notice of the hearing on April 15,

---

[18] See Tellevik II, 125 Wn.2d at 374 (Madsen, J., dissenting) ("The question presented in this case is whether the State complied with the due process requirement in Tellevik that an opportunity for a full adversarial hearing be provided *within 90 days of the seizure* of real property.") (emphasis added); Espinoza, 87 Wn. App. at 865-66 (characterizing Tellevik cases as holding due process entitles claimants of personal property "to a full adversarial hearing *within 90 days of the seizure*") (emphasis added); Bruett v. 18328 11th Ave. N.E., 93 Wn. App. 290, 298, 968 P.2d 913 (1998) (citing Tellevik cases for the premise that "due process entitles a claimant of *real property* to a full adversarial hearing *within 90 days of the seizure*") (emphasis added); Escamilla, 100 Wn. App. at 749 ("proceedings must be commenced *within 90 days of* the date a claimant notifies the seizing agency of *a claim of ownership* or a right to possession of the seized property") (emphasis added).

[19] RCW 34.05.419(1)(b) (emphasis added).

[20] Black Corvette, 91 Wn. App. at 323.

2015, 57 days after the seizure and 34 days after his claim of ownership. The forfeiture hearing was commenced within 90 days, whether or not the triggering event was the seizure or White's claim of ownership. We conclude the forfeiture hearing was timely under the statutory scheme and subsequent case law.

Under the second level due process balancing test, compliance with the provisions of the forfeiture statute, i.e., commencement of adjudicative proceedings within 90 days of the claim of ownership, has been found to meet the requisites of due process.[21] But due process is flexible, and particular circumstances may impact the timing of a hearing.[22] For example, this court has acknowledged other fact patterns might compel more timely proceedings despite compliance with statutory requirements.[23] When analyzing a claim for more timely proceedings under due process, we consider "(1) [t]he length of the delay; (2) the reason for the delay; (3) the claimant's assertion of his right to a hearing; and (4) whether the claimant suffered any prejudice."[24]

---

[21] See id. at 324.

[22] United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 562, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983) ("there is no obvious bright line dictating when a post-seizure hearing must occur").

[23] Black Corvette, 91 Wn. App. at 325 ("On the facts of this case, the statutory procedures provided the requisite due process. But, this is not to say that other fact patterns might not give rise to a valid claim for more timely proceedings, or that the mere scheduling of a prehearing conference will indefinitely toll a claimant's right to a timely hearing.").

[24] Id. at 324.

8

Here, the length of the delay, if any, was minimal because the hearing occurred within 105 days of seizure.[25] White did not assert any need for an earlier hearing.[26] And he has not shown the timing hampered his defense in any way.[27] In fact, White did not present any defense before the hearing examiner, he contested only the timeliness of the hearing.[28]

We conclude White did not establish any prejudice which would require a more timely hearing under the due process balancing test.

## II. Adequacy of Notice

White also argues the notices of seizure and intended forfeiture were defective because they did not inform him of his right to remove to superior court. Even though White did not raise this issue before the hearing examiner, the superior court considered this issue.

---

[25] Even if the triggering date for the 90-day requirement was the seizure on February 19, 2015, the hearing occurred 105 days later, on June 2, 2015. This would amount to a delay of 15 days.

[26] See Escamilla, 100 Wn. App. at 750 (following two-year delay attributable to the claimants, Division Three of this court held as to prejudice: "[The claimants] did not assert any need for an earlier hearing or specify any prejudice from the minimal delay.").

[27] See Black Corvette, 91 Wn. App. at 324-25 ("Here, the length of the delay, if any, was short, as the hearing began within 78 days of the request for hearing and concluded within 111 days. . . . [The claimant] has not shown prejudice to his case. The delay did not hamper his defense in any way.").

[28] CP at 24 ("3. The claimant did not contest the facts of the underlying criminal case, and the claimant presented no evidence regarding the facts of the underlying criminal case. 4. The claimant did not contest the lawfulness of the seizure of the defendant in rem property. 5. The claimant contested only the timeliness of the hearing.").

"We review administrative decisions directly, based on the record before the administrative agency."[29] And we may decline to review any claim of error which was not raised before the hearing examiner.[30] But we may consider a "manifest error affecting a constitutional right" for the first time on appeal.[31] "'Manifest' in RAP 2.5(a)(3) requires a showing of actual prejudice."[32]

Here, White appears to concede the issue is not preserved because he seeks review under the manifest error exception of RAP 2.5(a)(3). White claims he was prejudiced by the lack of notice to remove to superior court because the hearing examiner was not a "neutral and detached magistrate."[33] But because the superior court granted review, White received an opportunity to be heard by that court on the timeliness issue and therefore, he cannot establish the actual prejudice required for manifest error. We decline to consider this unpreserved claim of error.

### III. Fees on Appeal

White requests fees on appeal under RAP 18.1. The rule requires more than a bald request for attorney fees on appeal; the party must include argument

---

[29] Alpine Lakes Prot. Soc'y v. Washington State Dep't of Natural Res., 102 Wn. App. 1, 14, 979 P.2d 929 (1999).

[30] RAP 2.5(a).

[31] RAP 2.5(a)(3).

[32] State v. O'Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009).

[33] Reply Br. of App. at 6.

and citation to authority.[34] Here, White addressed attorney fees in a single sentence in his opening brief. White did not prevail, and he failed to comply with RAP 18.1. We deny his request for attorney fees on appeal.

Therefore, we affirm.

WE CONCUR:

_____
Cox, J.

_____
Mann, J.

---

[34] RAP 18.1(b); Stiles v. Kearney, 168 Wn. App. 250, 267, 277 P.3d 9 (2012).