IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>PRACHI JAIN,<br><br>　　　　　　　　　　Respondent,<br><br>　　　　　v.<br><br>PRIYANSHU AGARWAL,<br><br>　　　　　　　　　　Appellant. | No. 87773-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Priyanshu Agarwal challenges the trial court's entry of orders—which dissolved his marriage to Prachi Jain, distributed their assets, and created a final parenting and child support plan—claiming there was insufficient service of process and the court wrongly entered orders on default without notice. We conclude that service was sufficient. However, entry of the order of default judgment occurred without notice. Thus, we reverse the orders entered on default and remand this matter for further proceedings.

I.　　BACKGROUND

Jain and Agarwal married in India in April 2016. Soon after their marriage, Jain and Agarwal moved to Houston, Texas. They share a child who was born in Houston and is a United States citizen. In September 2017, they relocated to

Washington where Agarwal began his employment with Meta Platforms, Inc. (Meta). They purchased real property in Kirkland, Washington and resided in the home together. Both Jain and Agarwal are Indian citizens and United States permanent residents.

In August 2023, Jain, Agarwal, and their child travelled to India. There, Jain and Agarwal filed for a consent divorce. Jain subsequently withdrew her consent. Agarwal filed a contested divorce action in India in October 2023. In December 2023, while still in India, Jain filed for dissolution in King County Superior Court. Jain returned to Washington in January 2024 and their son joined her in February. Agarwal remained in India.

In January 2024, Jain moved the court to allow her to serve Agarwal with the summons and petition for dissolution by mail at their Washington home or Meta's corporate location in Redmond because he could not be located to effectuate personal service. The court granted the motion and Jain filed proof of service by mail to the Washington addresses.

Agarwal appeared through limited CR 12(b) counsel and filed a motion to dismiss citing comity, the ongoing dissolution in India, forum non conveniens, lack of jurisdiction, and insufficient service of process. After briefing and argument by both parties, the court determined that the affidavit in support of the motion to serve by mail did not meet the statutory requirements and therefore it lacked personal jurisdiction over Agarwal. In contrast, the court determined that it had jurisdiction over the marriage and to enter orders as to the custody of the child under the Uniform Child Custody Jurisdiction and Enforcement Act, Chapter 26.27 RCW.

The court denied the motion to dismiss the petition for dissolution. Agarwal moved for reconsideration which the court denied.

Jain endeavored to serve Agarwal in India. She alleged that Agarwal ran away from a process server who attempted to serve him at the courthouse in India. Specifically, under penalty of perjury, she declared that, "[o]n May 6, 2024 at a District Court in India, the process server 'met the respondent [Priyanshu Agarwal] and attempted to handover [sic] the above stated documents to him. However, he saw the documents and after having seen their contents, he ran away from the location.'" (Alterations in original.) Agarwal denied this occurred.

Jain then initiated service on Agarwal in India through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (Hague Convention)[1]. The government in India sent a process server to the address Agarwal had disclosed to the courts in Washington and in India. The process server reported, "[t]he door was locked, Nobody was there at home," and the neighbor informed him that Agarwal and his family "do not live here." According to the neighbor, "[t]hey usually come here in four or five months and stay two or three days." The process server reported that the notice was not served. The government in India provided contradictory information stating that notice was timely served as of September 7, 2024.

Relying on the statement from the Indian government, Jain filed a motion

---

[1] See https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf [https://perma.cc/68BE-4JDY].

with the superior court seeking a finding that service had been sufficient under the Hague Convention or permission to serve Agarwal by alternate means, namely by mail or email. In addition to describing the various attempts to serve Agarwal with the petition for dissolution, Jain stated that the government in India decided service had been accomplished under the Hague Convention and "they have made no other service attempts on Mr. Agarwal."

The court determined the documents from India failed to establish compliance with the Hague Convention. "The paperwork is contradictory and of particular concern is that the documents were not actually left in a place that could have provided notice to Mr. Agarwal." The court noted the information the neighbor had provided to the process server as well as evidence of trips to Washington and found that Agarwal's "claims to the court about where he has lived in 2023 to the present and when he has been in India are not credible." The court further stated:

> [t]he court finds that Mr. Agarwal previously claimed to be in India for parts of 2023 and 2024 where evidence showed he was in Washington State, USA such as pictures sent by Mr. Agarwal showing he was in the USA, text messages sent by Mr. Agarwal showing he was in the USA, statements made by Mr. Agarwal's attorney during court hearings in the domestic violence protection order case, and mail that Mr. Agarwal opened at the parties' Washington State home. The court further finds that the evidence from the process server and the India court show that Mr. Agarwal does not reside at the address in India that his attorney provided this court in May 2024.

The court concluded that Agarwal's "address and residence are currently unknown" and therefore the Hague Convention did not apply.[2]

---

[2] The trial court also held that "India has not opted out of email service" and that "many United States courts hold that a country that opts out of postal service under the Hague Convention does not preclude email service under the Hague

4

Having concluded that the Hague Convention did not apply, the court ruled that Jain had properly served Agarwal under the requirements for international service established by CR 4(i). Addressing that issue, the court concluded, "Ms. Jain has exercised due diligence in attempting to serve Mr. Agarwal both in the United States and in India. There is no reason to believe requiring Ms. Jain to request the Central Authority in India to attempt service again at the address given will result in service being accomplished." The court entered the order granting the motion to serve the summons, petition, proposed parenting plan, and other documents by email on November 21, 2024. The next day, Jain filed a declaration of service listing the documents that had been sent via email to Agarwal and his limited CR 12(b) attorney on November 18.

After entry of the order authorizing service by email, Agarwal filed a second CR 12(b) motion to dismiss. He argued that the petition for dissolution should be dismissed because the court erred in authorizing service outside the Hague Convention and through email. Agarwal asserted that he has a known address and Jain could have requested alternate methods of service through the Hague Convention. Agarwal renewed his arguments pertaining to jurisdiction, forum non conveniens, and comity. The court denied the motion to dismiss on January 14, 2025.

In February 2025, the trial court entered an order granting a motion for

---

Convention unless that country has specifically opted out of email service." We need not, and do not, address this issue because we affirm the trial court's ruling that the Hague convention does not apply to Jain's attempts to serve Argawal in this matter for the reasons set forth in the text above.

default, stating that Agarwal had not filed a response to the petition and was not entitled to notice of the motion for default. The court subsequently entered findings and conclusions about a marriage, a final order of dissolution, a final parenting plan, and final child support order based on the order on motion for default.

Agarwal timely appeals.

## II.    ANALYSIS

Agarwal challenges the trial court's entry of orders pertaining to his dissolution as a violation of his "fundamental due process protection of notice" as a result of insufficient service of process and failure to notify him of the motion for default. We address each in turn.

### A.    Sufficiency of Service of Process

Agarwal argues he was not properly served under the requirements for international service established by CR 4(i) and the Hague Convention. Alternately, he asserts the trial court failed to reasonably ensure the email address used to effectuate service belonged to him and was likely to give actual notice. We disagree with both of Agarwal's arguments.

"Proper service of the summons and complaint is a prerequisite to a court's obtaining jurisdiction over a party." Harvey v. Obermeit, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). The plaintiff bears the burden to prove a prima facie case of sufficient service. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). The party challenging sufficiency then must demonstrate by clear and convincing evidence that service was improper. Id. We review de novo whether service was proper. Kim v. Lakeside Adult Family Home, 185 Wn.2d 532, 554,

374 P.3d 121 (2016). We review a trial court's findings of fact for substantial evidence, which is evidence sufficient to persuade a rational fair-minded person that the premise is true. Sutey v. T26 Corp., 13 Wn. App. 2d 737, 750, 466 P.3d 1096 (2020) (citation omitted). "We cannot review credibility determinations on appeal." Id.

For service of process to be proper, it must comply with constitutional, statutory, and court rule requirements. Scanlan, 181 Wn.2d at 847. The rules governing service of process are found in CR 4. See also CR 4.1 (domestic relations actions commenced by petition rather than a complaint). CR 4(i) outlines the provisions for service in a foreign country that apply in this case due to Agarwal's location in India:

> When a statute or rule authorizes service upon a party not an inhabitant of or found within the state, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or (B) as directed by the foreign authority in response to a letter rogatory or a letter of request; or (C) upon an individual, by delivery to the party personally, and upon a corporation or partnership or association, by delivery to an officer, a managing or general agent; or (D) by any form of mail, requiring a signed receipt, to be addressed and mailed to the party to be served; or (E) pursuant to the means and terms of any applicable treaty or convention; or (F) by diplomatic or consular officers when authorized by the United States Department of State; or (G) as directed by order of the court. Service under (C) or (G) above may be made by any person who is not a party and is not less than 21 years of age or who is designated by order of the court or by the foreign court. The method for service of process in a foreign country must comply with applicable treaties, if any, and must be reasonably calculated, under all the circumstances, to give actual notice.

Agarwal contends that the court erred by failing to comply with the requirement

7

that "[t]he method for service of process in a foreign country must comply with applicable treaties, if any, and must be reasonable calculated under all the circumstances, to give actual notice." CR 4(i)(1).

1. Applicability of the Hague Convention

The trial court determined that the Hague Convention did not apply and Jain was not required to serve Agarwal under the terms of the convention. Agarwal disputes this conclusion.

Both the United States and India are parties to the Hague Convention.[3] "The Hague Convention is a multilateral treaty 'intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad.'" Kim, 185 Wn.2d at 555 (quoting Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698, 108 S. Ct. 2104 (1988)). Compliance with the Hague Convention is mandatory in such cases and preempts inconsistent methods of service otherwise allowed under state law. Kim, 185 Wn.2d at 555; Larson v. Kyungsik Yoon, 187 Wn. App. 508, 515, 351 P.3d 167 (2015). If the Hague Convention applies, a Washington party must abide by its requirements to serve process on a party located in a foreign state. Kim, 185 Wn.2d at 555.

Article I of the Hague Convention states that it, "applies 'in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial

---

[3] See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: Status Table, HCCH HAGUE CONF. ON PRIV. INT'L L., https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 [https://perma.cc/3EW9-8H4U].

document for service abroad. This Convention shall not apply where the *address of the person to be served* with the document is not known.'" Broad v. Mannesmann Anlagenbau, A.G., 141 Wn.2d 670, 678, 10 P.3d 371 (2000) (quoting Hague Convention, art. 1). Therefore, the Hague Convention "'applies in all civil cases 'where there is occasion to transmit a judicial or extrajudicial document for service abroad' where the address of the person to be served is known.'" Kim 185 Wn.2d at 555 (quoting Hague Convention, art. 1, 20 U.S.T. at 362).

Here, the court found that Agarwal's claims about his location and residence had not been credible. Additionally, the court stated, "the evidence from the process server and India court show that Mr. Agarwal does not reside at the address in India that his attorney provided this court in May 2024." The court then determined that Agarwal's "residence and address where he may be served is currently unknown." As a result of these findings, the court concluded that the Hague Convention did not apply.

Agarwal disagrees with the court's finding that his address is unknown, asserting that he has provided his address in India in multiple court filings both in Washington and India. Thus, according to Agarwal, "his address is unequivocally not 'unknown,'" therefore the Hague convention applies. Indeed, Agarwal has consistently listed the same address on court documents in India and provided a sworn declaration to the superior court stating he lived in his family home at that address. Additionally, the neighbor confirmed that Agarwal and his family "usually come here in four to five months" and "stay two or three days."

9

Despite the evidence in the record, Agarwal's assertion that he has a known address cannot overcome the trial court's credibility determination. The court, having evaluated the evidence, explicitly found that Agarwal's claims about his address and residence lacked credibility. The finding that Agarwal was not credible led to the court's conclusion that his address is unknown. We are bound by the court's assessment of Agarwal's credibility. See Sutey, 13 Wn. App. 2d at 750. Considered through the lens of trial court's credibility determination, Agarwal's claims that his address is known is not supported by record evidence. Because his address is not known, the Hague Convention does not apply and, therefore, Jain was not required to comply with the Hague Convention to serve Agarwal.

2. Reasonably Calculated to Give Notice

After determining that the Hague Convention did not apply and finding that Agarwal was actively avoiding service, the trial court authorized service by email pursuant to CR 4(i)(1)(G) which allows for effectuation of service in a foreign country "as directed by order of the court." Agarwal contends that the trial court failed to ensure that the email address used for service belonged to him and was actively used.

The trial court addressed this issue during oral arguments on Agarwal's second motion to dismiss, telling Agarwal's attorney:

> [T]he declaration that he signed where he's trying to claim that that email address is not his email address, I mean, number one, in looking at the case initiation file in the confidential information form, Ms. Jain put that email down as his email address.
>
> And so I've got Ms. Jain when she was initiating the case providing

10

that email address at the outset, before she could have any reason to believe that this issue was even going to come up. And then your client claiming, well, that's not really my email address. I've got concerns. I'll be honest, Mr. Semrau, I don't find that part of his declaration, or most of his declaration credible.

The court denied the motion to dismiss based on this credibility determination, stating:

[A]s I previously indicated, that email address was the email address that Ms. Jain provided to the Court at the time she filed it, it seems. And the other one was his address at Meta.

And so based on the record, the Court finds that his claim that the address provided by Ms. Jain for him is not his email address to not be credible. Now whether or not he's disabled that or done something to it, I don't know, but that's the address we have. And so for those reasons, I'm going to deny the motion.

The court had authorized service to the email provided by Jain when filing the dissolution. The trial court had clearly considered and approved use of the address placed in the record before Agarwal had any reason to disclaim it. The trial court disbelieved any statements to the contrary based on its assessment of Agarwal's credibility. Again, we are bound by this credibility determination and conclude that the court allowed service by email at the address "reasonably calculated under all the circumstances, to give actual notice." CR 4(i)(1).

We conclude that, in these particular and unique circumstances, the trial court did not err in allowing service by email as ordered and service was sufficient.

B. Order of Default

Agarwal contends that the trial court erred by entering an order of default and subsequent final orders based on the default.[4] Here, we agree.

---

[4] Jain's motion for default is not in the record on appeal.

Default is appropriate when the party fails "to appear, plead, or otherwise defend as provided by these rules." CR 55(a)(1). "A party 'appears' in an action when it 'answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of [its] appearance.'" City of Des Moines v. Pers. Prop. Identified as $81,231 in U.S. Currency, 87 Wn. App. 689, 696, 943 P.2d 669 (1997) (alterations in original) (quoting RCW 4.28.210). "Washington courts broadly construe the concept of appearance, focusing on whether the defending party has acted in a way that indicates to the moving party that he intends to defend." In re Marriage of Pennamen, 135 Wn. App. 790, 799, 146 P.3d 466 (2006). Notice is required for "[a]ny party who has appeared in the action for any purpose." CR 55(a)(3). Where a defendant has appeared before a motion for default but did not receive proper notice, the defendant is entitled to vacation of the default judgment as a matter of right. Gutz v. Johnson, 128 Wn. App. 901, 912, 117 P.3d 390 (2005).

The parties do not dispute that Agarwal did not receive notice of the motion for default and subsequent orders. In the order on default, the court stated that Agarwal was not entitled to notice of the motion because he had not filed a notice of appearance or appeared in the case in any other way and had been served with the summons and petition less than one year ago. The court granted the motion for default and subsequently relied on the order of default to enter the orders dissolving the marriage, distributing assets, and determining the parenting plan and child support without notice to Agarwal.

However, Agarwal made a limited appearance to bring two separate motions to dismiss. The motions were affirmative requests of the court and

demonstrate an intent to defend. Indeed, Agarwal vigorously litigated his CR 12(b) motions. These motions constitute an appearance in the action therefore necessitating notice of a motion for default under CR 55(a)(3). Because Agarwal did not receive notice of the motion for default, he is entitled to vacation of the orders entered on default.

## III.    CONCLUSION

Service was sufficient pursuant to CR 4(i)(1)(G). However, Agarwal is entitled to vacation of the orders improperly entered on default.

We reverse the order on default and remand this matter to the trial court for further proceedings.

Díaz, J.

WE CONCUR:

Feldman, J.                    Birk, J.